**CHUAN SHU LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–1540–ag.

United States Court of Appeals, Second Circuit.

April 18, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

John C. Richter, United States Attorney, Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Chuan Shu Lin, a native and citizen of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We note first that the BIA affirmed the IJ's finding that Lin failed to meet his burden of showing by clear and convincing evidence that he applied for asylum within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Because we lack jurisdiction to review this finding, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 150–54 (2d Cir.2006), our review is limited to Lin's claim for withholding of removal under the Immigration and Nationality Act.[1]

This Court reviews the IJ's decision where, as here, the BIA fully adopts the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

In this case, the IJ denied Lin's withholding claim based on an adverse credibility finding. The IJ noted several problems with Lin's testimony, including his curious demeanor and numerous inconsistencies between his testimony and documents submitted in support of his claim, which he failed adequately to explain. These problems provide substantial evidence to support the IJ's adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

---

1. Lin has not challenged the BIA's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).